UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JAY OWENS,

        Petitioner,        Case No. 1:08-cv-727

v.        Honorable Janet T. Neff

NICK LUDWICK,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Factual Allegations & Procedural History**

Petitioner is incarcerated at the St. Louis Correctional Facility. He pleaded guilty in the Kalamazoo County Circuit Court to one count of first-degree criminal sexual conduct (CSC I). The trial court sentenced Petitioner on December 4, 2006, to imprisonment of twenty to forty years. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on March 7, 2007 and July 30, 2007, respectively.

Petitioner now raises one ground for habeas corpus relief. He claims that in calculating the sentencing guidelines, the trial court abused its discretion and violated his due process rights by scoring fifty points for Offense Variable (OV) 12.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**Discussion**

Petitioner claims that the trial court improperly scored OV 12.[1] The scoring of fifty points for OV 12 is appropriate where there are two or more criminal sexual penetrations, not including the penetration that forms the basis of the conviction. The instructions for OV 12 directed the court to "[s]core all penetrations involving the offender arising out of the same criminal transaction." The dispute regarding the scoring of OV 12 centers on whether penetrations that occur on separate occasions are to be scored under the variable. The trial court scored fifty points for

---

[1]The statutory sentencing guidelines apply to enumerated felonies committed on or after January 1, 1999. *People v. Babcock*, 666 NW2d 231, 236 n.6 (Mich. 2003); MICH. COMP. LAWS § 769.34(2). Petitioner's acts occurred prior to 1999, so the former judicial guidelines were used to score Petitioner's offenses. *People v. Hunter*, No. 264367, 2007 WL 419782, at *4 (Mich. Ct. App. Feb. 8, 2007).

multiple penetrations on the basis of evidence that Petitioner had engaged in numerous sexual penetrations of the victim over the course of 8 years.  Petitioner contends that the trial court should have counted only those penetrations that occurred during the criminal transaction for which petition was convicted, and not count other possible penetrations that arose from separate criminal transactions involving Petitioner and the victim.  Petitioner maintains that there was no evidence that he penetrated the victim more than once during the rape for which he was convicted.  Petitioner further states, "While it may well be that Petitioner raped the victim on several prior occasions, the fact is not relevant to the proper scoring of OV-12."  (Br. in Support at 3, docket #2.)

Claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There is no constitutional right to individualized sentencing.  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (Citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not allege that the trial court relied upon any materially false information in scoring OV 12. Rather, Petitioner disagrees with the trial court's determination that Petitioner's previous penetrations of the victim were part of the "same criminal transaction." Moreover, the trial courts interpretation of OV 12 has been affirmed by the Michigan Court of

Appeals, which stated in *People v. Hunter*, No. 264367, 2007 WL 419782, at *5 (Mich. Ct. App. Feb. 8, 2007):

> Under the judicial guidelines, defendant should be scored 50 points for OV 12 if there were two or more sexual penetrations. *People v. Raby*, 218 Mich.App 78, 82; 554 NW2d 25 (1996), superseded by statute as stated in *People v. Hegwood*, 465 Mich. 432, 439; 636 NW2d 137 (2001). In first-degree criminal sexual conduct, the penetration that forms the basis of the conviction offense may not be scored, but all penetrations arising out of the same criminal transaction may be scored. *Id.* at 82. Determining the number of penetrations that arise out of the same criminal transaction for purposes of scoring OV 12 is not limited in time to a specified number of hours, days or months. *Id.* Rather, penetrations arise out of the same criminal transaction when they " '[occur] in a continuous time sequence and [display] a single intent or goal.'" *Id.* at 82-83. As our Court explained in *Raby*, ongoing penetrations of a victim over an extended period can constitute acts that occurred in a continuous time sequence and displayed a single intent or goal, especially where, as here, the victim regularly saw defendant, who lived with the victim's mother, and defendant penetrated the victim routinely for almost two years, while threatening her to keep her from disclosing his actions. Such conduct "gives rise to an inference that defendant intended to conceal his continued molestation of the victim during that extended period. Thus, such conduct constituted acts that occurred in a continuous time sequence and displayed a single intent or goal." *Id.* at 83-84. Therefore, the trial court did not abuse its discretion in assessing defendant 50 points for OV 12.

Thus, under certain circumstances, penetrations that occurred over a period of years can be counted as part of the "same criminal transaction." Petitioner, therefore, cannot establish a violation of his due process right arising from the scoring of OV 12.

Petitioner also suggests that the trial court imposed a higher sentence based upon facts that were not proven beyond a reasonable doubt, which implicates the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the

maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely* because it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832,

at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  November 21, 2008                     /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).